UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO R. OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-00188-JPH-MJD |
| | ) |
| VIGO COUNTY SHERIFF, | ) |
| DEREK FELL, | ) |
| CASEY LEE, | ) |
| STEPHANIE EDWARDSON, | ) |
| CHELSEA LEFLEUR, | ) |
| CHARLIE FUNK, | ) |
| EMILY MEADOWS, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Antonio Owens is a prisoner currently incarcerated at Indiana State Prison. On April 14, 2025, Mr. Owens filed this civil action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at Vigo County Jail ("the Jail"). The Court's screening order dismissed Mr. Owens's complaint and directed him to file an amended complaint. Dkt. 18. On November 10, Mr. Owens filed an amended complaint, which the Court now screens pursuant to 28 U.S.C. § 1915A(a), (c). Dkt. 19.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

1

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Owens makes the following allegations against Vigo County Sheriff Derek Fell, Casey Lee, Stephanie Edwardson, Chelsea Lefleur, Charlie Funk, Emily Meadows, and Ofc. R. Fields, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On November 5, 2024, Mr. Owens was a pre-trial detainee incarcerated at the Jail. Dkt. 19 at 1, 3. Following an incident with an officer,[1] he was charged with a disciplinary violation. *Id.* at 1. Ofc. R. Fields conducted a hearing and, despite knowing about Mr. Owens's mental health struggles in segregation, he sanctioned Mr. Owens with 360 days in segregated housing. *Id.* Being in segregation exacerbated Mr. Owens's mental health problems. *Id.* Mr. Owens

---

[1] Mr. Owens is currently suing the officer for violating his civil rights in *Owens v. Fell* (2:24-cv-00579-JRS-MKK).

2

wrote to Emily Meadows about his sanction and the resulting mental health difficulties. *Id.* at 2. Even still, she denied his request for help. *Id.* Ms. Meadows told Mr. Owens that her supervisors Casey Lee, Stephanie Edwardson, Charlie Funk, and Chelsea LeFleur refused her request to let Mr. Owens out of segregation. *Id.* Mr. Owens then wrote directly to Ms. Edwardson, but he was ignored. *Id.* All in all, the Defendants knew about Mr. Owens's mental health struggles, but they refused to alleviate his sanction or get him adequate mental health support while he was in segregation. *Id.* at 3. As a result, Mr. Owens suffered from mental anguish from the excessive punishment. *Id.*

Mr. Owens seeks monetary damages. *Id.*

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the Court **dismisses** claims against Sheriff Derek Fell. As stated in the previous screening order, to state a claim under § 1983, Mr. Owens must allege that each Defendant was personally involved in violating his constitutional rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Specifically, the plaintiff must allege that each defendant caused the alleged misconduct. *Id.* In a § 1983 lawsuit, supervisors, such as sheriffs and jail commanders, cannot be 'vicariously liable' for their employees' misconduct. Instead, plaintiffs must allege that the supervisor personally caused the misconduct, or that he "(1) kn[e]w about the conduct and (2) facilitate[d], approve[d], condone[d], or turn[ed] a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Here, the amended complaint does not make any factual allegations

3

against Sheriff Fell, nor does it suggest that Sheriff Fell put him in segregated housing or deprived him of mental healthcare. Thus, the amended complaint does not allege that Sheriff Fell was personally involved in violating Mr. Owens's rights, and the Court must dismiss claims against him.

The following claims **may proceed** as pled in the amended complaint: (1) Fourteenth Amendment conditions-of-confinement claims against Casey Lee, Stephanie Edwardson, Chelsea LeFleur, Charlie Funk, Ofc. R. Fields, and Emily Meadows based on the allegations that they subjected Mr. Owens to unreasonable conditions in segregated housing; and (2) Fourteenth Amendment deprivation of mental healthcare claims against Casey Lee, Stephanie Edwardson, Chelsea LeFleur, Charlie Funk, Ofc. R. Fields, and Emily Meadows based on the allegations that they refused to provide adequate mental healthcare while Mr. Owens was in segregated housing.[2]

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed.

### IV. Conclusion and Service of Process

The following claims **are proceeding** in this action against Casey Lee, Stephanie Edwardson, Chelsea LeFleur, Charlie Funk, Ofc. R. Fields, and Emily Meadows: (1) Fourteenth Amendment conditions-of-confinement claims and (2) Fourteenth Amendment deprivation of mental healthcare claims. All other claims have been dismissed. The **clerk is directed** to terminate "Vigo County Sheriff"

---

[2] Mr. Owens references the Eighth Amendment, but because he was a pretrial detainee, the Fourteenth Amendment applies to his claims. *See Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019).

and Derek Fell as Defendants on the docket. The **clerk is directed** to add Ofc. R. Fields as a Defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants Casey Lee, Stephanie Edwardson, Chelsea LeFleur, Charlie Funk, Ofc. R. Fields, and Emily Meadows in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on November 10, 2025, dkt. [19], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/9/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO R. OWENS
109461
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

CASEY LEE
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802

STEPHANIE EDWARDSON VIGO
COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802

CHELSEA LEFLEUR
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802

CHARLIE FUNK
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802

EMILY MEADOWS
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802

OFC. R. FIELDS
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802